## BRADFORD  *v.*  NEWPORT.

A highway tax to be expended in the winter may be legally raised, and a neglect to pay it will prevent the gaining of a settlement, although payment had never been demanded.

ASSUMPSIT, for money expended and supplies furnished by the plaintiffs, for the support of Thomas Wait, a pauper, alleged to have his settlement in Newport. Writ dated January 4, 1861. Plea, the general issue.

It was agreed by the parties that Wait was in Bradford, was poor and in need of relief, and that the relief was furnished by Bradford; that Newport was duly notified, and that judgment should be rendered for Bradford for the sum of forty-nine dollars and costs, unless, upon the following statement of facts, the court should be of opinion that Wait gained a legal settlement in Bradford, under the tenth mode of the Revised Statutes (ch. 65, sec. 1); in which case the plaintiffs were to be nonsuited.

Wait resided in the town of Bradford from 1846 to 1854; was taxed each year, and paid all taxes legally assessed against his poll and estate for that time, except those for 1850, the facts in regard to which are as follows:

In the warrant for the annual town meeting in 1850 were the following articles: 13. "To see what sum of money the town will raise to keep the roads in repair the present year;" 14. "To see what sum of money the town will raise to defray town charges the present year." At the meeting the following votes were passed: "Voted to raise the same amount for the repair of highways as was raised last year, to be laid out in the same way and manner;" "Voted to raise the same amount for a winter tax as is to be raised for the repair of highways the present year;" "Voted to raise twelve hundred dollars, to defray town charges the present year." The amount raised in 1849 for the repair of highways was twelve hundred dollars. A state, county, town and school tax of one dollar and ninety cents, and a highway tax of one dollar and five cents, were legally assessed against Wait in 1850, both of which were paid. "A winter highway tax" of one dollar and five cents was assessed against Wait in 1850, in accordance with the vote of the town to raise money "for a winter tax," and committed to the surveyor of highways in Wait's district, for collection in the ordinary way of collecting highway taxes: to wit, in labor, or, in default of payment in labor, by making dis-

tress upon the goods of Wait. This last named tax of one dollar and five cents has never been paid.

*Tappan & Hazelton*, for the plaintiffs.

*Burke & Wait*, for the defendants.

BELLOWS, J. The question is, whether the winter highway tax of $1.05 was legally assessed, and if so, whether the want of a written notice to pay it, by the surveyor, would excuse the non-payment so as to give a settlement.

The article in the warrant to see what sum of money the town will raise to keep the roads in repair the present year is, we think, sufficient authority to vote the tax. Nor do we see any objection to the voting one sum to be expended for the summer highway tax, and another for the winter. Indeed, this is distinctly laid down in *Thompson* v. *Fellows*, 21 N. H. 425, where it is held that the selectmen may issue a separate warrant for each tax; which indeed would have the legal effect of one warrant for the separate sums. *Brackett* v. *Whidden*, 3 N. H. 19; and see *Orford* v. *Benton*, 36 N. H. 493. Such designation of the amount of highway tax to be expended in the summer and in the winter, accords, we think, with a practice that prevails extensively in this state, and we can see no substantial objection to it.

Neither do we think that there is any uncertainty in the terms of the vote, such as to affect its validity. It is substantially to raise the same amount for a winter tax, as is already voted for highways the same year. And we think that it clearly means a winter highway tax, and can mean nothing else.

So we think a tax must be paid to gain a settlement, and it avails nothing that payment was not demanded, or even that payment was excused by vote of the town, or the tax abated by the selectmen. *Lisbon* v. *Bath*, 21

N. H. 319, 333; *Jaffrey* v. *Cornish*, 10 N. H. 505. In *Shrewsbury* v. *Salem*, 10 Pick. 389, it was held that a vote of the town discharging the tax was not equivalent to payment. *Attleborough* v. *Middleborough*, 10 Pick. 378; *Robbins* v. *Townshend*, 20 Pick. 945.

There must be, therefore,

*Judgment for the plaintiffs.*